IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BETTY JUNO, ) | |
| ) | |
| Plaintiff, ) | 3:11-cv-460 |
| ) | |
| v. ) | |
| ) | |
| VIKING COLLECTION ) | |
| SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, BETTY JUNO, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, VIKING COLLECTION SERVICE, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. BETTY JUNO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Superior, County of Douglas, State of Wisconsin.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Chase.

1

6. The debt that Plaintiff allegedly owed Chase was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. VIKING COLLECTION SERVICE, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant is incorporated in the State of Minnesota.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

14. On or about May 4, 2011, a duly authorized representative of Defendant initiated a telephone call to Plaintiff.

15. During the aforesaid telephone call, Defendant asked to speak to Plaintiff.

16. Plaintiff then identified herself to Defendant.

17. Plaintiff then asked Defendant's duly authorized representative to identify himself.

18. Defendant's duly authorized representative responded by stating "I do not have time for these games."

19. During the course of the aforesaid telephone call between Plaintiff and Defendant, Defendant's duly authorized representative did not provide Plaintiff with information relative to his individual identity.

20. During the course of the aforesaid telephone call between Plaintiff and Defendant, Defendant's duly authorized representative did not provide Plaintiff with information relative to Defendant's identity.

21. At no time during the course of the aforementioned telephone call did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

22. Plaintiff was only able to determine that the aforesaid telephone call was initiated on behalf of Defendant by researching the telephone number that had appeared on her caller identification when Defendant initiated the aforementioned telephone call and by determining that the aforesaid telephone number was that of Defendants.

23. On or about May 10, 2011, a duly authorized representative of Defendant initiated a telephone call to Plaintiff.

24. During the course of the aforementioned telephone call Defendant informed Plaintiff that it was calling to collect a debt Plaintiff owed to Chase.

25. Plaintiff informed Defendant regarding her current financial circumstances and why she was unable to pay the debt in full at that time.

26. Plaintiff told Defendant that she was a recipient of social security income.

27. Defendant then asked Plaintiff to provide information regarding the amount of social security income that she received.

28. Plaintiff told Defendant that she did not want to provide Defendant with the information it requested.

29. Defendant responded by telling Plaintiff "[y]ou were willing to give out that information when you applied for your credit card."

30. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

31. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed Chase.

32. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

33. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

34. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   c. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BETTY JUNO, by and through her attorneys, respectfully prays for judgment as follows:

   a.   All actual compensatory damages suffered;

   b.   Statutory damages of $1,000.00;

   c.   Plaintiff's attorneys' fees and costs;

   d.   Any other relief deemed appropriate by this Honorable Court.

                                                            Respectfully submitted,
                                                            **BETTY JUNO**

                                        By:    s/ David M. Marco
                                                            Attorney for Plaintiff

Dated: June 29, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithlaw.us